CADES SCHUTTE
A Limited Liability Law Partnership

JEFFREY S. PORTNOY          1211-0
JUSTIN M. LUNEY              10848-0
Cades Schutte Building
1000 Bishop Street, Suite 1200
Honolulu, HI  96813-4212
Telephone:  (808) 521-9200
FAX:  (808) 521-9210
Email:  jportnoy@cades.com

Attorneys for Plaintiffs
DANIEL ROSS, MARINA ROBINSON, AND
JOAN CRAFT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DANIEL ROSS, MARINA ROBINSON, AND JOAN CRAFT,<br><br>  Plaintiffs,<br><br>  v.<br><br>HAWAII NURSES' ASSOCIATION OFFICE AND PROFESSIONAL EMPLOYEES INTERNATIONAL UNION LOCAL 50; JON DOES 1-10, DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>  Defendants. | CIVIL NO. 18-00023 JMS-RLP<br><br>**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S (1) MOTION TO DISMISS FOR LACK OF JURISDICTION AND (2) MOTION TO VACATE ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION; CERTIFICATE OF SERVICE**<br><br>Hearing: February 9, 2018<br>Time: 1:30 p.m.<br>Judge:  J. Michael Seabright |

## MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION AND MOTION TO VACATE ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

### I.   INTRODUCTION

Defendant HAWAII NURSES' ASSOCIATION OFFICE AND PROFESSIONAL EMPLOYEES INTERNATIONAL UNION LOCAL 50 ("*HNA*") is attempting to masquerade Plaintiffs' DANIEL ROSS, MARINA ROBINSON and JOAN CRAFT's ("*Plaintiffs*") Complaint as solely a challenge to an election, and that therefore the entire Complaint is subject to Title IV of the Labor Management Reporting and Disclosure Act ("*LMRDA*").  On the contrary, Plaintiffs have not submitted a challenge under Title IV of the LMRDA.  Plaintiffs have challenged that HNA has failed to follow the proper procedures mandated by its governing documents from the time that the Trial Board decisions issued on November 16, 2017 to now.

### II.   LEGAL STANDARD

HNA has brought a Motion to Dismiss based on its claim that this Court lacks subject-matter jurisdiction.  "A facial attack asserts that a complaint's allegations are themselves insufficient to invoke jurisdiction."  *Courthouse News Serv. v. Planet*, 750 F.3d 776, 780 n. 3 (9th Cir. 2014).  "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the

plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). "A factual challenge relies on affidavits or any other evidence properly before the court to contest the truth of the complaint's allegations." *Courthouse News*, 750 F.3d at 780 (citing *St. Clair v. City of Chico*, 880 F.2d 119, 201 (9th Cir. 1989)). HNA has submitted a facial attack, claiming that Plaintiffs' Complaint is preempted in its entirety by Title IV of the LMRDA. Therefore, the Court must accept Plaintiffs' allegations as true and draw on all reasonable inferences in the Plaintiffs' favor.

### III. ARGUMENT

#### A. This Court Does Not Have Jurisdiction to Dismiss the Complaint

HNA argues that this Court can dismiss Plaintiffs' Complaint in its entirety because it solely seeks remedy that is precluded under Title IV of the LMRDA. Plaintiffs have not asserted a direct challenge to the results of the election. The election is derivative of Plaintiffs' overall claim that HNA has failed to follow its own governing documents and have improperly deprived Plaintiffs of their membership rights. However, even assuming that some of Plaintiffs' claims regarding the election are precluded by Title IV, HNA cannot dismiss the Complaint because Plaintiffs have asserted a challenge to the status of Plaintiffs' membership rights. Neither of the cases cited in HNA's Motion stand for the

proposition that an entire Complaint can be dismissed even where issues not related to an election are presented.

Plaintiffs' case is similar to the facts of *Rollison v. Hotel, Motel, Rest., & Constr. Camp Emps., Local 879*, 677 F.2d 741 (9th Cir. 1982) In *Rollison*, the plaintiff filed an action under Title I and sought to enjoin the union's suspension of her right to be a candidate an election. *Id.* at 743-745. After the district court issued a temporary restraining order enjoining the union from suspending her right to run for office, the plaintiff won the election. The Ninth Circuit held that, even though the plaintiff's Title I claim concerning her suspension involved an election, her Title I claim was not precluded by Title IV. The position in *Rollison* is similar to Plaintiffs in this case: "Since part of the discipline imposed by the union was denial of her right to hold union office, [plaintiff's] Title I claim did overlap into a potential Title IV claim. This overlap is more coincidence than anything else." *Id.* at 745. Here, Plaintiffs have submitted a challenge against HNA for violating their governing documents, which includes a challenge to Plaintiffs' membership status, similar to the plaintiff in *Rollison*. Therefore, although Plaintiffs' claims have an effect on an election, the election is secondary to the bulk of Plaintiffs' claims dealing with HNA's failure to follow its own procedures to Plaintiffs' detriment.

The cases cited by HNA for its proposition that this Court may dismiss Plaintiffs' Complaint are inapplicable. In *Porch-Clark v. Engelhart*, 930

F. Supp. 2d 928 (N.D. Ill. 2013), the district court found that the plaintiffs' complaint was completely preempted by Title IV because the "entire complaint [was] premised on [plaintiffs'] challenge to the result of a union election." *Id.* at 934. This case is distinguishable because, regardless of Plaintiffs' election claim, Plaintiffs' are challenging the penalties of the Trial Board decisions and their application to Plaintiffs' rights as members. Further, if the case is dismissed, Plaintiffs will suffer irreparable harm due to their membership rights being taken away. Similarly, the plaintiff in *Davis v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of America (UAW)*, 392 F.3d 834 (6th Cir. 2004), attempted to reinstate his position in an elected office under state-law claims based on discrimination and wrongful termination. *See id.* at 838-39. Likewise, this case is inapplicable to the present case because it solely concerns the loss of the plaintiff's elected position.

    **B.**    **Plaintiffs' Membership Rights are Distinct from Any Challenge to the Election**

Plaintiffs properly asserted a challenge to the status of their membership rights in the Complaint:

> 54.    The HNA Constitution and Bylaws, Article V Section 3 provides:
>
> Membership classifications shall be active, non-active, and associate. No member shall simultaneously hold membership in more than one classification. A person who is suspended or expelled from the Union; loses their basis for membership due to an election; is no

> longer employed by the International Union or one of its subordinate bodies, a Local Union or any Council or other federation of Local Unions; has resigned their membership; or any other person who is not a member in accordance with one of the membership classifications provided for in the Article; shall not be considered a member for any purpose, except as may be directed by the President of the International Union; provided, however, in the event that a decision deprives a person of the basis upon which they hold membership, and that decision may be appealed to any body other than the Convention of the International Union, that person shall maintain membership until the ruling on the appeal by the membership of this Local Union or the Executive Board of the International Union upholds the deprivation of the basis upon which membership is held.
>
> 55. The HNA Executive Board affirmed the Trial Board's decision to change Plaintiffs Daniel Ross and Joan Craft's membership to members not in good standing.
>
> 56. "Members not in good standing" is not defined in the governing documents.
>
> 57. Conferring the status of members not in good standing is a breach of the governing documents.
>
> 58. Conferring the status of members not in good standing has deprived Plaintiffs of their rights to continue participating in the Hawaii Nurses' Association.

Plaintiffs' Complaint, filed December 15, 2017, ¶¶ 54-58. The Complaint alleges that the Plaintiffs' Trial Board penalties are invalid because they confer a nonexistent membership classification, in violation of the HNA Constitution and Bylaws.

      HNA relies on authority distinguishing Title I from Title IV claims to argue that the entire Complaint is subject to Title IV's exclusivity provision, and

that therefore the Court lacks subject-matter jurisdiction over Plaintiffs' Complaint. Even if Plaintiffs' claims were subject to Title IV's exclusivity provision, Plaintiffs' Complaint specifically alleges that the Trial Board's penalties violated HNA's governing documents and deprives Plaintiffs of their membership rights. Further, the harm caused by the Trial Board's wrongful penalty extends beyond the ballots counted on December 12, 2017: Plaintiffs Daniel Ross and Joan Craft are "members not in good standing," for a period of six and four years, respectively; HNA has interpreted this to mean they have no membership rights whatsoever. Therefore, Plaintiffs' Complaint does not solely deal with a challenge to an election.

### C. Plaintiffs Enjoined Disciplinary and Election-Related Events To Correct HNA's Multiple Errors

HNA claims that any allegations regarding Plaintiffs' wrongful removal as officers are moot, and that HNA's statements regarding the timing of Plaintiffs' disciplinary appeals are misleading. On the contrary, these allegations are still important to Plaintiffs' claim that HNA violated its own governing documents. When Plaintiffs' Complaint was first filed, HNA refused to schedule Plaintiffs' Trial Board appeals at the next regular membership meeting on January 6, 2018, pursuant to the OPEIU Uniform Disciplinary Procedure. It was not until *after* Plaintiffs filed their Complaint that HNA sent out a revised agenda to the membership, which included Plaintiffs' disciplinary appeals. However, even this

schedule set Plaintiffs' disciplinary appeals *after* the installation of officers. It seems clear that the intent of this scheduling was to install the officers prior to Plaintiffs' eligibility for office being determined. Due to HNA's lack of transparency in the scheduling of Plaintiffs' Trial Board appeals and the installation of officers, Judge Dean E. Ochiai agreed with Plaintiffs that both the disciplinary appeals and the installation of officers be enjoined so the parties and the Court could deal with all of these issues in a timely manner.

Accordingly, the several violations of either the Hawaii Revised Statutes or HNA's governing documents are still relevant to this action. These violations include:

1. The immediate removal of Daniel Ross and Marina Robinson from their respective positions on the Executive Board without the vote of the membership, in violation of HRS section 414D-138;

2. HNA imposed a nonexistent penalty of "members not in good standing," in violation of the HNA Constitution and Bylaws and the Uniform Disciplinary Procedure;

3. The HNA Executive Board affirmed the Trial Board's decisions, despite the fact that it had no authority to do so under the Uniform Disciplinary Procedure and lacked quorum to conduct the meeting pursuant to the HNA Constitution and Bylaws;

4. The HNA Executive Board informed the membership that Plaintiffs were prohibited from running for office, despite the fact that their names were already placed on the ballot and their appeals of the Trial Board's decisions could have impacted their eligibility for the current election;

5. HNA initially refused to schedule Plaintiffs' Trial Board appeals at the next regular membership meeting on January 6, 2018, in violation of the Uniform Disciplinary Procedure, and did not do so until after Plaintiffs filed their Complaint;

6. HNA counted the ballots on December 12, 2017, even though their ballots were null and void;

7. HNA planned to install the officers at the January 6, 2018 membership meeting.

*See* Plaintiffs' Reply to Defendant's Memorandum in Opposition to Its Motion for Preliminary Injunction, filed January 2, 2018.  Despite HNA's contention that some of these issues are moot, these violations are relevant to Plaintiffs' request for declaratory and injunctive relief.  Therefore, no allegations or counts should be dismissed from Plaintiffs' Complaint at this time.

## IV. **CONCLUSION**

HNA's Motion to Dismiss and Motion to Vacate the Preliminary Injunction Order begs the question of why this action was remanded in the first place; HNA has contradicted itself by stating that the State Court lacked jurisdiction over this matter in its Notice of Removal only to now say that the Federal Court does not have jurisdiction over Plaintiffs' Complaint. Nevertheless, Plaintiffs have asserted grounds for relief for much more than a challenge to an election. Plaintiffs have not asserted a claim under Title IV. However, even if there is Title IV preemption, it would solely affect relief regarding the election and would not affect Plaintiffs' claims regarding their membership rights and disciplinary actions taken against them.

DATED: Honolulu, Hawai'i, February 5, 2018.

CADES SCHUTTE
A Limited Liability Law Partnership


/s/ *Jeffrey S. Portnoy*
JEFFREY S. PORTNOY
JUSTIN M. LUNEY
Attorneys for Plaintiffs
DANIEL ROSS, MARINA ROBINSON, AND JOAN CRAFT