CADES SCHUTTE
A Limited Liability Law Partnership

JEFFREY S. PORTNOY     1211-0
JUSTIN M. LUNEY     10848-0
Cades Schutte Building
1000 Bishop Street, Suite 1200
Honolulu, HI  96813-4212
Telephone:  (808) 521-9200
FAX:  (808) 521-9210
Email:  jportnoy@cades.com

Attorneys for Plaintiffs
DANIEL ROSS, MARINA ROBINSON, AND
JOAN CRAFT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DANIEL ROSS, MARINA ROBINSON, AND JOAN CRAFT,<br><br>     Plaintiffs,<br><br>  v.<br><br>HAWAII NURSES' ASSOCIATION OFFICE AND PROFESSIONAL EMPLOYEES INTERNATIONAL UNION LOCAL 50; JOHN DOES 1-10; DOE CORPORATIONS 1-10; DOE ENTITITES 1-10,<br><br>     Defendants. | CIVIL NO. 18-00023 JMS RLP<br><br>**PLAINTIFFS' REPLY TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO ITS MOTION TO REMAND; CERTIFICATE OF SERVICE**<br><br><br>Hearing: February 9, 2018<br>Time:  1:30 p.m.<br>Judge:  J. Michael Seabright |

## PLAINTIFFS' REPLY TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO ITS MOTION TO REMAND

**I.   INTRODUCTION**

Defendant Hawaii Nurses' Association Office and Employees International Union Local 50 ("***HNA***") improperly removed this action by (1) waiving its right to remove after showing clear and unequivocal intent to adjudicate the merits in state court; and (2) failing to cite proper grounds for federal jurisdiction.  Plaintiffs Daniel Ross, Marina Robinson, and Joan Craft ("***Plaintiffs***") prevailed on their Motion for Preliminary Injunction in state court, and HNA's removal is an attempt to seek a different ruling after the state court found that Plaintiffs were likely to succeed on the merits.

**II.   ARGUMENT**

    **A.   HNA Waived its Right to Remove by Choosing to Litigate in State Court.**

HNA's claims that its actions litigating in state court were merely defensive lack merit and do not reflect the record of this case.  HNA's argument can be summarized into three points:  (1) HNA had a short time frame to respond to the Motion for Preliminary Injunction; (2) HNA was required to file an Answer before the Notice of Removal deadline; (3) HNA's counsel mistakenly typed "with prejudice" in its Motion to Dismiss, filed January 2, 2018.  These arguments are not sufficient to explain why HNA delayed exercising removal until January 16.  A defendant waives the right to remove where "the defendant takes action in state

court that manifests his or her intent to have the matter adjudicated there." *Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994). HNA has shown this intent through its various actions in the course of this litigation. HNA expected to prevail during Plaintiffs' Motion for Preliminary Injunction. After filing its Opposition to Plaintiffs' Motion for Preliminary Injunction on December 29, 2017, HNA filed a Motion to Dismiss the next calendar day with similar arguments because it had expected to prevail. Once Plaintiffs prevailed on its Motion for Preliminary Injunction, HNA changed course by removing the case to federal district court in hopes of obtaining a second chance to re-litigate the case. The fact is that HNA could have chosen to remove this case at any time after it received the Complaint on December 18, 2017. However, it only chose to remove after losing on Plaintiffs' Motion for Preliminary Injunction. HNA is improperly using removal to get a second chance in federal court after experimenting with the merits in state court. *See Boggs v. Harris*, 226 F. Supp. 3d 475, 481 (W.D. Penn. 2016).

    B.    **Defendant HNA failed to Satisfy Its Burden of Showing Subject-Matter Jurisdiction**

        1.    The Complaint is not Preempted under the Labor-Management Relations Act.

HNA did not remove on the basis of Section 301 of the Labor Management Relations Act ("*LMRA*"). Section 301 does not preempt state-law

claims that are challenging local constitutions. Rather, some courts have held that Section 301 precludes claims which require an interpretation of an international union constitution. HNA relies on *Wooddell v. Int'l Broth. Of Elec. Workers, Local 71*, 502 U.S. 93 (1991), for the proposition that union members can sue his or her union based on alleged violations of contracts between labor organizations under Section 301 of the LMRA. *See id.* at 103. However, courts have clarified this case to apply only to international union constitutions, which govern the relationship between one labor organization and another, and not a local union constitution. *See Korzen v. Local Union 705, Int'l Broth. of Teamsters*, 75 F.3d 285, 288 (7th Cir. 1996) ("The constitution of a local union . . . is a contract between the union and its members . . . . A suit on a contract between a labor organization and a member is not within the scope of section 301.").

      The HNA Constitution and Bylaws is a local union constitution. Count I of its Complaint alleges violations of the membership rights that arise from the HNA Constitution and Bylaws. Further, The OPEIU Uniform Disciplinary Procedures is a document incorporated within the HNA Constitution and Bylaws Article XIV ("This Local Union may discipline its members or officers only as permitted by federal law and the OPEIU Uniform Disciplinary Procedures."). Though created by the international union, the Uniform Disciplinary Procedures is not a contract between an employer and a labor organization, or between labor

organizations, for the purpose of Section 301.  *See* 29 U.S.C. § 185.

        2.      <u>Plaintiffs did not Bring a Claim under Title I of the LMRDA.</u>

The question of whether Plaintiffs have submitted a claim under Title I is governed by the well-pleaded complaint rule.  "Questions of jurisdiction and removal are generally determined from the face of a 'well-pleaded complaint.'" *Gweke Ford v. St. Joseph's Omni Preferred Care Incorp.*, 130 F.3d 1355, 1358 (9th Cir. 1997).  Plaintiffs have not brought an action under 29 U.S.C. section 412 for violations of the Labor Management Reporting and Disclosure Act ("**LMRDA**"), and therefore no claim under Title I.  Further, HNA has not cited any paragraphs of Plaintiffs' Complaint which plead a claim under Title I, failing to meet its burden of proof in proving jurisdiction.

        3.      <u>HNA No Longer Relies on Title IV for Removal, despite Relying on Title IV in its Notice of Removal.</u>

HNA originally cited Title IV of the LMRDA as the basis of this Court's jurisdiction.  It now claims that this Court does not have jurisdiction due to the same statute.  HNA's argument that Plaintiffs' Complaint asserts preempted claims under Title IV is a defense, based in federal law, which HNA was free to raise in state court.  "[A] case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case."  *Hunter v. Philip Morris*

*USA*, 582 F.3d 1039 (9th Cir. 2009).  HNA argues that Title IV has a preemptive effect on some of Plaintiffs' claims.  This fails to establish grounds for subject-matter jurisdiction.

## III.  CONCLUSION

HNA waived its right to remand by choosing to remain in state court and opposing Plaintiffs' Motion for Preliminary Injunction.  It showed its "clear and unequivocal intent" by litigating on the merits of Plaintiffs' Motion for Preliminary Injunction and filing a Motion to Dismiss.  If there is any "danger" of litigating in state court, as HNA's Opposition suggests, it is HNA's fault because it failed to timely remove.  In short, HNA is disappointed with the result in state court and removed the case to this Court in hopes of seeking a different result.  This purpose is inconsistent with the right to remove, and this Court should grant Plaintiffs' Motion to Remand to avoid duplicative litigation.

DATED:  Honolulu, Hawaiʻi, February 6, 2018.

    CADES SCHUTTE
    A Limited Liability Law Partnership


    /s/ *Jeffrey S. Portnoy*
    JEFFREY S. PORTNOY
    JUSTIN M. LUNEY
    Attorneys for Plaintiffs
    DANIEL ROSS, MARINA ROBINSON,
    AND JOAN CRAFT